UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPELTON DONZELL KELLY,

    Petitioner,                         Case Number 2:19-CV-12772
                                          HONORABLE ARTHUR J. TARNOW
v.                                     UNITED STATES DISTRICT JUDGE

DAVE BERGH,

    Respondent,
_____/

# OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Opelton Donzell Kelly, ("petitioner"), confined at the Muskegon Correctional Facility in Muskegon, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his 1992 conviction out of the Wayne County Circuit Court for first-degree felony murder, Mich. Comp. Laws § 750.316. Because the Court concludes that the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3), the Court will transfer the matter to the Court of Appeals so that the petitioner may seek permission to proceed.

1

## I. Background

Petitioner was convicted of first-degree felony murder in the Wayne County Circuit Court in 1992 and was sentenced to life in prison.

Petitioner previously filed a petition for writ of habeas corpus, in which he challenged his first-degree murder conviction. The petition was dismissed as being time-barred under the Antiterrorism and Effective Death Penalty Act's (AEDPA) one year statute of limitations contained in 28 U.S.C. § 2244(b)(3)(A). *Kelly v. Bergh,* No. 2:07-CV-13259, 2008 WL 4853574 (E.D. Mich. Nov. 10, 2008)(Adopting Report and Recommendation of Magistrate Judge from August 28, 2008). Petitioner has since been denied permission by the United States Court of Appeals for the Sixth Circuit to file a successive habeas petition. *In Re Kelly,* No. 18-1662 (6th Cir. Oct. 30, 2018).

Petitioner again seeks habeas relief from his incarceration.

## II. Discussion

Petitioner already filed a prior petition for a writ of habeas corpus challenging his judgment of sentence and incarceration.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A);

2

*Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."); *See also Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 825-26 (E.D. Mich. 2004).

The dismissal of petitioner's 2007 habeas petition based on his failure to comply with the AEDPA's one-year statute of limitations is considered an adjudication on the merits that renders the current petition "second or successive" for the purpose of § 2244(b), with respect to this judgment. See *In re Rains,* 659 F.3d 1274, 1275 (10th Cir. 2011); *In re Flowers*, 595

F.3d 204, 205 (5th Cir. 2009)(per curiam); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik*, 337 F.3d 764, 765 (7th Cir. 2003)(per curiam); Cf. *In Re Cook,* 215 F.3d 606, 607-08 (6th Cir. 2000)(when petitioner's first habeas application was dismissed for procedural default arising from failure to exhaust state remedies where the statute of limitations had run on those remedies, the dismissal was "on the merits," and the petitioner's later habeas application was "second or successive," for purposes of § 2244(b)).

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

### III. ORDER

Accordingly, it is **ORDERED** that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

<u>s/Arthur J. Tarnow</u>
**HON. ARTHUR J. TARNOW**
**UNITED STATES DISTRICT JUDGE**
**DATED: September 30, 2019**

4